**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EX PARTE JOSEPH CHAYOON,**

        **Plaintiff,**

-vs-                                            **Case No.  6:06-cv-1812-Orl-19JGG**

,

_____

# ORDER

This case comes before the Court on The Report and Recommendation of the United States Magistrate Judge on Plaintiff Joseph Chayoon's Application to Proceed in forma pauperis. (Doc. No. 3, filed Nov. 29, 2006) and Plaintiff Joseph Chayoon's Objection to the Report and Recommendation.  (Doc. No. 4, filed Dec. 11, 2006).

## Background

Plaintiff filed a Petition for declaratory relief requesting that the Court issue an opinion on whether the Federal Labor Laws apply to Indian Casinos.  (Doc. No. 1, filed Nov. 28, 2006). Plaintiff also submitted a Motion to Proceed in forma pauperis.  (Doc. No. 2, filed Nov. 28, 2006).  The United States Magistrate Judge issued a Report and Recommendation that Plaintiff's Petition be dismissed as frivolous because it requested an advisory opinion.  (Doc. No. 3, filed Nov. 29, 2006).   Plaintiff objected to the Report and Recommendation.  (Doc. No. 4, filed Dec. 11, 2006).

**Standard of Review**

Pursuant to 28 U.S.C. § 1915, the District Courts are required to conduct an initial screening of civil complaints filed in forma pauperis.  The District Court is authorized to "dismiss the case if the court determines that . . . the action or appeal is (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**Analysis**

In his Petition and Objection, Plaintiff asserts jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2251 and requests an advisory opinion as to whether Indian Casinos are covered by Federal Labor Laws so that he can make a decision as to whether to accept a job with an Indian Casino in Florida.  (Doc. No. 1, p. 3; Doc. No. 4).  The Declaratory Judgment Act does not create federal jurisdiction.  Instead it creates an additional remedy when federal jurisdiction exists.  *Jones v. Alexander,* 609 F.2d 778, 781 (11th Cir. 1980).  Plaintiff does not assert that any of his rights have been violated. (*See* Doc. No. 1; Doc. No. 4).  Therefore, Plaintiff does not present a case or controversy within the meaning of Article III of the United States Constitution.  *See Lujan v. Defender of Wildlife,* 504 U.S. 555, 560-61 (1992).  Consequently, the Court has no jurisdiction over this matter.

**Conclusion**

Upon consideration, the Plaintiff's Objection (Doc. No. 4) is **OVERRULED**.  The Report and Recommendation (Doc. No. 4) denying Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 2) is **ADOPTED** and **AFFIRMED**.   There being no jurisdiction in this

Court to issue an advisory opinion, Plaintiff's Petition for Declaratory Judgment (Doc. No. 1) is dismissed.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 14, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party