**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EX PARTE JOSEPH CHAYOON**

Case No.  6:06-cv-1812-Orl-19JGG

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 8)** |
| **FILED:** | **March 2, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.   THE LAW**

Section 1915 of 28 U.S.C. and Fed.R.App.P. Rule 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979).[1]  Section 1915 (a) provides, in relevant part:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> \*   \*   \*
>
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e), 18 U.S.C., provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2).

Rule 24(a) of the Rules of Appellate Procedure provides in relevant part:

> (1)   *Motion in the District Court*. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2)   *Action on the Motion*. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a

>   statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24 (a).  An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962).  "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard.  *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous.  *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

**II.     APPLICATION**

On November 29, 2006, the undersigned recommended that plaintiff Joseph Chayoon's motion to proceed in the district court *in forma pauperis* be denied and his complaint be dismissed as frivolous because Chayoon's complaint sought an advisory opinion over which the Court lacked jurisdiction.  Docket No. 3.    Chayoon objected to the recommendation.  Docket 4.  On December

15, 2006, the Patricia C. Fawsett, United States District Judge, adopted my report and recommendation as part of her order and dismissed Chayoon's case. Docket No. 15.

On January 16, 2007, Chayoon appealed both the dismissal of his case and the denial of his application to proceed *in forma pauperis*. Docket 6.  On March 2, 2007, Chayoon filed his motion for leave to appeal *in forma pauperis*. Docket 8.[2]  His motion fails to state the issues on appeal as required by Fed. R. App. P. 24(a)(1)(C).

The Court can perceive no legitimate issue to be presented on appeal.  Chayoon's case presents the classic example of a request for an advisory opinion.  Chayoon has received "an invitation for possible employment with a Florida based Indian casino." Docket 1 at 1.  Chayoon requests that the Court determine whether federal labor laws apply to Indian casinos and their employees so that he can decide whether to accept "an employment invitation." *Id*.  The Court correctly determined that it has no jurisdiction over the matter. U.S. CONST. art. III, § 2, cl.1.

The Court, therefore, **RECOMMENDS** that the District Judge certify that the appeal is not taken in good faith, and deny Chayoon's motion to proceed *in forma pauperis* on appeal.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[2] Chayoon's motion is dated February 1, 2007, and is file stamped by the Court of Appeals on February 20, 2007. Docket 8.  The reason for the delay in filing the motion with the district court is unknown.

Copies furnished to:

The Honorable Patricia C. Fawsett