UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EX PARTE JOSEPH CHAYOON**

Case No.  6:06-cv-1812-Orl-19JGG

_____

# ORDER

This case comes before the Court on the following:

1.  Plaintiff Joseph Chayoon's Motion for Leave to Appeal *in forma pauperis*.  (Doc. No. 8, filed Mar. 2, 2007);

2.  Report and Recommendation of the United States Magistrate Judge on Plaintiff Joseph Chayoon's Motion for Leave to Appeal *in forma pauperis*.  (Doc. No. 12, filed Mar. 20, 2007); and

3.  Plaintiff Joseph Chayoon's Objection to Magistrate Judge Recommendation on Plaintiff's Petition for Declaratory.  (Doc. No. 13, filed Mar. 29, 2007).

**Background and Procedural History**

Plaintiff filed a petition for declaratory relief requesting that the Court issue an opinion whether the federal labor laws apply to Indian casinos.  (Doc. No. 1).  Plaintiff claims that he received an offer of employment from an Indian casino in Florida and requests the Court's opinion to aid him in deciding whether to accept the offer.  (Doc. No. 1, p. 1; *see also* Doc. No. 13, pp. 1-2). Plaintiff also submitted a motion to proceed *in forma pauperis*.  (Doc. No. 2).  The United States Magistrate Judge issued a Report and Recommendation that Plaintiff's petition be dismissed as frivolous because he requested an advisory opinion.  (Doc. No. 3).  Plaintiff objected to the Report

and Recommendation. (Doc. No. 4). The Court adopted the Magistrate Judge's Report and Recommendation and dismissed the case for lack of jurisdiction. (Doc. No. 5).

Plaintiff filed a Notice of Appeal and moved to appeal *in forma pauperis*. (Doc. No. 6; Doc. No. 8). The United States Magistrate Judge issued a Report and Recommendation that Plaintiff's motion to appeal *in forma pauperis* be denied because the appeal is not taken in good faith. (Doc. No. 12). Plaintiff objects the Magistrate Judge's Report and Recommendation. (Doc. No. 13). In support of his objection, Plaintiff attaches excerpts of his employment file from his former employer, Foxwoods Indian Casino. (Doc. No. 13-2).

**Standard of Review**

Pursuant to 28 U.S.C. § 1915, the District Courts are required to conduct an initial screening of civil complaints filed *in forma pauperis*. The District Court is authorized to dismiss the case if it "determines that . . . the action or appeal is (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Title 28 U.S.C. Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." If the District Court denies the party's motion to appeal *in forma pauperis*, it must state its reasons in writing. Fed. R. App. P. 24(a)(2).

When screening appeals pursuant to 28 U.S.C. Section, the Court must apply an objective good faith standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Good faith is shown when the petitioner "seeks appellate review of any issue not frivolous." *Id. See also Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (appeal is not taken in good faith when reasonable person could not suppose that the appeal has merit); *Rhodes v. Corps of Eng'rs of U.S. Army*, 589 F.2d 358,

360 (8th Cir. 1978) (appeal must present a substantial question worthy of consideration); *Parsell v. United States*, 218 F.2d 232, 235 (5th Cir. 1955) ("an appeal in forma pauperis should not, indeed may not, be allowed where it is plainly without merit.").[1]

**Analysis**

Plaintiff's Notice of Appeal does not state specific issues for appeal; rather it requests that the Eleventh Circuit reverse the Court's order denying his motion to proceed *in forma pauperis* and dismissing his case. (*See* Doc. No. 6). Plaintiff's objection to the underlying Report and Recommendation indicates that his appeal merely reasserts his previous argument that it is necessary for the Court to decide whether Indian casinos are covered by federal labor laws so that he can decide whether to accept employment with an Indian casino in Florida. (*Compare* Doc. No. 13 *with* Doc. No. 1, p. 3 *and* Doc. No. 4).

The Court previously denied Plaintiff's petition to proceed *in forma pauperis* because the Declaratory Judgment Act does create an independent basis for federal jurisdiction. (Doc. No. 5, p. 2). As there is no allegation that Plaintiff's rights have been violated, the case fails to present a case or controversy within the meaning of Article III of the United States Constitution. *See Lujan v. Defender of Wildlife,* 504 U.S. 555, 560-61 (1992). Plaintiff asserts no other basis for federal jurisdiction. (*See* Doc. No. 13).

The Court finds that Plaintiff's appeal presents no substantial question of law and is plainly without merit. Consequently, the Court certifies that Plaintiff's appeal is not taken in good faith.

---

[1]  In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

**Conclusion**

Upon consideration, the Plaintiff's Objection (Doc. No. 13) is **OVERRULED**. The Report and Recommendation denying Plaintiff's Motion to Appeal *in forma pauperis* (Doc. No. 12) is **ADOPTED** and **AFFIRMED**. The Court **DENIES** Plaintiff's Motion to Appeal *in forma pauperis* (Doc. No. 8) and **CERTIFIES** that Plaintiff's appeal is not taken in good faith.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 10, 2007.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party